**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**COREY PRESSLEY**

**Plaintiff,**

**Case No.:**

**v.**

**ROADSAFE TRAFFIC SYSTEMS, INC.,**

**Defendant,**
**______________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, COREY PRESSLEY, and sues Defendant, ROADSAFE TRAFFIC SYSTEMS, INC., and alleges:

## INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant

to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, COREY PRESSLEY, is an adult resident of Brevard County, Florida.

4. Defendant, ROADSAFE TRAFFIC SYSTEMS, INC., is a Foreign Profit Corporation licensed and authorized to conduct business in the State of Florida and doing business within Brevard County, Florida.

5. Defendant is a covered employer under the Fair Labor Standards Act.

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

7. On or about January 2, 2023, Plaintiff began his employment with Defendant as a Flagger.

8. Shortly after his employment began with Defendant, Plaintiff was working overtime hours off-the-clock but was not compensated for the time. On average Plaintiff worked approximately ten (10) to fifteen (15) hours of unpaid overtime per week.

9. On or about February 2, 2023, Plaintiff spoke with Susan Porter (Payroll) regarding his paycheck being short on hours.

10. Porter told Plaintiff that it was a time sensitive matter, so he spoke with Lori Myers (Human Resources) who instructed Plaintiff to contact David Albrecht (Branch Manager).

11. Albrecht looked into the situation and found several examples where Plaintiff was not paid for work performed and saw that Plaintiff was clocked out by someone with Defendant while Plaintiff was still working. As a result, Albrecht submitted a memo to payroll explaining the situation. Not long after, Defendant's payroll system was shut down due to a security breach.

12. Approximately one or two weeks later, Plaintiff's hours were reduced from full-time to part-time. Specifically, Plaintiff was reduced to approximately ten (10) to eighteen (18) hours per week. Plaintiff spoke to Myers about his hours being cut and that he felt singled out. She told Plaintiff that the reason his hours were reduced was because things "slowed down" for Defendant. However, at that time, new hires were receiving more hours than Plaintiff.

13. On or about May 1, 2023, Plaintiff emailed David Meirick (CEO). Plaintiff reiterated the pay issues from the prior months (see paragraphs 8-12 above), and stated he was being retaliated against by Defendant for making complaints about his pay. Plaintiff also informed Meirick that he was not being

compensated for travel time but knew of at least one co-worker who was paid for travel time. Plaintiff asked Meirick when he would be reinstated to his previous full-time position and for the retaliation to stop.

14. On May 3, 2023, John Demopoulos (Director of Human Resources) emailed Plaintiff, introduced himself, and stated that Meirick forwarded his email, and he was looking into Plaintiff's issue and asked that Plaintiff call him to discuss.

15. On or about May 23, 2023, Plaintiff spoke with Albrecht about the payroll issues. Albrecht told Plaintiff that Defendant contacted him and asked questions but did not want to provide him with access to their payroll systems. Albrecht also told Plaintiff that Defendant was not being transparent with him about payroll.

16. Additionally, Plaintiff learned that Albrecht was lying to another employee (Trevanti Greene) about Plaintiff. Specifically, Albrecht told Greene that Plaintiff was smoking cannabis at work.

17. On or about June 28, 2023, Plaintiff was terminated from his employment with Defendant.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

18. Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though set forth fully herein.

19. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

20. Plaintiff was an employee of Defendant and is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

21. Throughout his employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which he was not compensated at the overtime rate.

22. Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

23. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

24. Defendant failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

25. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

26. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

**COUNT II – FAIR LABOR STANDARDS ACT - RETALIATION**

27. Plaintiff realleges and incorporates paragraphs one (1) through seventeen (17) as though set forth fully herein.

28. Plaintiff engaged in protected activity when he complained in good faith regarding violations of the overtime provisions of the Fair Labor Standards

Act. Plaintiff had his work hours reduced and was discharged by Defendant in retaliation for his complaints of FLSA violations.

29. In complaining that Defendant failed to compensate Plaintiff for all overtime hours worked, Plaintiff engaged in protected activity under 29 U.S.C. § 215(a).

30. Plaintiff subsequently suffered adverse employment actions – hours reduction and discharge – that were causally and directly related to him having complained to Defendant about Defendant's failure to pay Plaintiff all overtime wages due and owed to Plaintiff.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

(a) Back pay and benefits;

(b) Prejudgment interest on back pay and benefits;

(c) Front pay and benefits;

(d) Liquidated damages;

(e) Attorneys' fees and costs;

(f) Injunctive relief; and

(g) For any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

31. Plaintiff, COREY PRESSLEY, demands a trial by jury.

Dated this 9th day of May, 2024.

**FLORIN | GRAY**

*/s/ Miguel Bouzas*___________________
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
mbouzas@floringray.com
**TROY E. LONGMAN, II, ESQUIRE**
Florida Bar No.: 1031921
tlongman@floringray.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)

*Trial Attorneys for Plaintiff*