**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COREY PRESSLEY

Plaintiff,

v.

Case No. 6:24-cv-00866

ROADSAFE TRAFFIC SYSTEMS, INC.

Defendant.

_________________________________ /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROADSAFE TRAFFIC SYSTEMS, INC. ("Defendant"), answers the Complaint filed by Plaintiff, COREY PRESSLEY ("Plaintiff"), as follows:

## INTRODUCTION

Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, but denies that Plaintiff states a claim for relief under the Fair Labor Standards Act and denies any liability in this action.

## JURISDICTION AND VENUE

1. Defendant admits the allegations in this Paragraph for jurisdictional purposes only.

2. Defendant admits that venue for this action lies within the United States District Court for the Middle District of Florida, Orlando Division. Defendant denies the remainder of the allegations in this Paragraph.

**PARTIES**

3. Defendant admits Plaintiff Corey Pressley is an adult. Defendant is without knowledge as to where Plaintiff resides and therefore denies the remainder of the allegations in this Paragraph.

4. Defendant admits the allegations in this Paragraph.

5. Defendant admits the allegations in this Paragraph.

6. Defendant admits that it employed Plaintiff from January 2, 2023, to June 28, 2023. The remaining allegations are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**FACTUAL ALLEGATIONS**

7. Defendant admits the allegations in this Paragraph.

8. Defendant denies the allegations in this Paragraph.

9. Defendant denies the allegations in this Paragraph.

10. Defendant admits Laurie Myers, Human Resources Business Partner, directed Plaintiff to speak with David Albrecht. Defendant denies the remainder of the allegations in this Paragraph.

11. Defendant denies the allegations in this Paragraph.

12. Defendant admits working hours for hourly, non-exempt employees of Defendant at the Melbourne location were reduced due to a lack of work available. Defendant admits Laurie Myers spoke to Plaintiff and advised him of same. Defendant denies the remainder of the allegations in this Paragraph.

13. Defendant admits Plaintiff emailed David Meirick, CEO for Defendant, on May 2, 2023, which speaks for itself. Defendant denies any allegations inconsistent with the email and any remaining allegations in this Paragraph.

14. Defendant admits John Demopoulos emailed Plaintiff on May 3, 2023, which speaks for itself. Defendant denies any allegations inconsistent with the email and any remaining allegations in this Paragraph.

15. Defendant admits Plaintiff and Mr. Albrecht spoke regarding Plaintiff's pay on multiple occasions. Defendant denies the remainder of the allegations in this Paragraph.

16. Defendant denies the allegations in this Paragraph.

17. Defendant admits the allegations in this Paragraph.

## COUNT I

18. Defendant incorporates its responses to paragraphs one (1) through seventeen (17) as though set forth fully herein.

19. The allegations in this Paragraph constitute Plaintiff's characterization of the applicable law to his claims, to which no response is required. To the extent a response is required, Defendant denies it committed any unlawful acts and denies Plaintiff is entitled to any recovery against it whatsoever.

20. Defendant admits the allegations in this Paragraph.

21. Defendant denies the allegations in this Paragraph.

22. Defendant admits Plaintiff was entitled to be compensated for all hours worked for Defendant pursuant to the Fair Labor Standards Act and avers that Plaintiff was paid properly for all hours worked pursuant to the FLSA. Defendant denies the remainder of the allegations in this Paragraph.

23. Defendant denies the allegations in this Paragraph.

24. Defendant denies the allegations in this Paragraph.

25. Defendant denies the allegations in this Paragraph.

26. Defendant denies the allegations in this Paragraph.

In response to the "WHEREFORE" clause following Paragraph No. 26 of the Complaint, including all subparts thereto, Defendant ROADSAFE TRAFFIC SYSTEMS, INC. denies the allegations contained therein, denies that Defendant ROADSAFE TRAFFIC SYSTEMS, INC. committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

**COUNT II**

27. Defendant incorporates its responses to paragraphs one (1) through seventeen (17) as though set forth fully herein.

28. Defendant denies the allegations in this Paragraph.

29. Defendant denies the allegations in this Paragraph.

30. Defendant denies the allegations in this Paragraph.

In response to the "WHEREFORE" clause following Paragraph No. 30 of the Complaint, including all subparts thereto, Defendant ROADSAFE TRAFFIC SYSTEMS, INC. denies the allegations contained therein, denies that Defendant ROADSAFE TRAFFIC SYSTEMS, INC. committed any unlawful acts, and denies that Plaintiff is entitled to any relief.

## DEMAND FOR JURY TRIAL

31. Defendant denies that Plaintiff has stated a claim for relief and denies that Plaintiff is entitled to a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer. Defendant does not assume the burden of any defense or avoidance asserted herein that is adjudged not to be an affirmative defense. Defendant also reserves the right to assert additional affirmative defenses and matters in avoidance that may be disclosed by additional investigation and discovery. Defendant asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint.

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken by Defendant and its agents with regard to Plaintiff were based on legitimate and reasonable business factors, and not in any way related to any retaliatory intent.

## THIRD DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, because all actions taken by Defendant regarding or affecting Plaintiff were based upon valid, legitimate, non-retaliatory, and reasonable business reasons that were not the result of any intention or purpose, past or present, to retaliate.

## FOURTH DEFENSE

Defendant's actions with regard to Plaintiff's employment were job-related and consistent with business necessity.

## FIFTH DEFENSE

Any improper, illegal, or retaliatory acts taken against Plaintiff by any employee of Defendant occurred outside of the course and scope of employment, were contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## SIXTH DEFENSE

Defendant exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, retaliatory or unlawful behavior, if any. Defendant has a policy prohibiting discrimination and retaliation and a procedure by which its employees

should inform it of any such complaints. The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination and retaliation. Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage or use preventative or corrective procedures provided in due care by Defendant to avoid harm or for acts of its employees committed outside the scope of employment.

**SEVENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands are limited to the extent that Plaintiff has failed to reasonably mitigate such damages.

**EIGHTH DEFENSE**

To the extent Plaintiff's cause of action, claim and item of damages did not accrue within the time prescribed by law for them before this action was brought, such claims must be dismissed.

**NINTH DEFENSE**

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

**TENTH DEFENSE**

Defendant reserves the right to assert the after-acquired evidence defense should Defendant uncover evidence during the course of this action that would otherwise

justify any action taken with respect to Plaintiff. The discovery of any such evidence would bar any recovery of damages by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's claim is barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

**TWELFTH DEFENSE**

Plaintiff's alleged damages are speculative and uncertain, or both, and therefore non-compensable.

**THIRTEENTH DEFENSE**

Plaintiff's claims must be dismissed to the extent that Plaintiff has been paid all wages that were due and owing and to which Plaintiff was entitled.

**FOURTEENTH DEFENSE**

Defendant is entitled to an offset or credit against any amounts due (which are denied) of an amount equal to the amount it paid, or overpaid, Plaintiff including but not limited to premium payments under 29 U.S.C. § 207(e).

**FIFTEENTH DEFENSE**

To the extent Plaintiff is entitled to any additional alleged overtime pay, Defendant is entitled to a credit or a set-off equal to the value of compensatory time off provided to Plaintiff.

**SIXTEENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's damages demands must be set off against or reduced by any wages, compensation or other benefit received by Plaintiff or which was earnable or receivable with the exercise of due diligence by Plaintiff.

**SEVENTEENTH DEFENSE**

Some or all of the time for which Plaintiff alleges should be compensated is properly deemed preliminary or postliminary time pursuant to 29 U.S.C. § 254(a), and is therefore not compensable.

**EIGHTEENTH DEFENSE**

Some or all of the time for which Plaintiff seeks recovery of wages purportedly owed was spent engaging in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their principal activities.

**NINETEENTH DEFENSE**

To the extent Plaintiff is entitled to any additional alleged overtime pay, they would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

**TWENTIETH DEFENSE**

The Complaint is barred to the extent that the time for which compensation is sought is de minimis and therefore is not compensable.

**TWENTY-FIRST DEFENSE**

Plaintiff's damages, including his claims for liquidated damages, penalties, and pre- and post-judgment interest, are barred to the extent that the forms of relief are duplicative of each other.

**TWENTY-SECOND DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendant, Plaintiff's alleged damages are controlled and/or are limited by the damages caps imposed by state law and Constitutional limits.

**TWENTY-THIRD DEFENSE**

Plaintiff may not recover liquidated damages because (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; (2) Defendant, and its officers, managers and agents, did not authorize or ratify any willful violations with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**TWENTY-FOURTH DEFENSE**

Plaintiff's request for attorneys' fees and costs is in part discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## TWENTY-FIFTH DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent they are based on an alleged failure to pay wages because Plaintiff did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by Defendant to adhere to the agreed upon compensation, or because Plaintiff already received all compensation to which Plaintiff is entitled.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded their costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated: June 20, 2024

Respectfully submitted,

*/s/Ashley N. Donnell, Esq.*
**Sarah J. Kuehnel, Esq., Lead Counsel**
FBN 124765
sarah.kuehnel@ogletree.com
**Ashley N. Donnell, Esq.**
FBN 100535
ashley.donnell@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street
Suite 3600
Tampa, FL 33602
Telephone: 813.221.7239
Facsimile: 813.289.6530
Secondary email:
TAMdocketing@ogletree.com
elba.chinea@ogletree.com
melissa.salazar@ogletree.com

*Attorneys for Defendant ROADSAFE TRAFFIC SYSTEMS, INC.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:


MIGUEL BOUZAS, ESQUIRE
TROY LONGMAN, ESQUIRE
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
Telephone: 727.254.5255
Facsimile: 727.483.7942
*Attorneys for Plaintiff*