**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COREY PRESSLEY,

Plaintiff,

v.

Case No. 6:24-cv-00866-RBD-RMN

ROADSAFE TRAFFIC SYSTEMS, INC.,

Defendant.

_______________________________________ /

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, COREY PRESSLEY, and Defendant, ROADSAFE TRAFFIC SYSTEMS, INC., (collectively, the "Parties") by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of the Parties' FLSA Settlement and Dismissal with Prejudice, and as grounds state as follows:

**MOTION**

Plaintiff's Complaint asserts claims against Defendant for unpaid overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). The Parties have reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is attached hereto as **"Exhibit A."** The Parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The amounts to be received by Plaintiff as unpaid wages, as liquidated damages, and as attorneys' fees to be paid to Plaintiff's counsel are reflected in Paragraph 5 of the attached Settlement Agreement.

Plaintiff alleged that he worked overtime hours off the clock but was not compensated for that time. (Doc. 1, ¶ 8). Plaintiff further alleged that he was retaliated against for objecting to the alleged failure to pay his overtime wages. (Doc. 1, ¶ 27-30). Based on the time and payment records in Defendant's possession, Defendant maintains that Plaintiff was properly paid for all regular and overtime hours worked. Defendant further asserts that it did not retaliate against Plaintiff for engaging in any alleged protected activity. Lastly, Defendant asserts that any alleged violation of the FLSA was not committed intentionally.

The Parties have conferred on their relative positions and have exchanged documentation and continued negotiations. As a result, the Parties have ultimately agreed that prolonged litigation would be uncertain and costly, and have resolved to settle the case for the amounts described above which are fair and reasonable to Plaintiff given the evidence that would be presented to a fact finder.

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit

> a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of the plaintiffs' success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1) *There Was No Fraud or Collusion.***

There was no fraud or collusion between the Parties in this case. Both Parties are represented by counsel experienced in handling FLSA claims. The Parties' settlement negotiations have resulted in a good faith resolution of Plaintiff's claims.

**(2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on

the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

**(3)** ***The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties exchanged sufficient information that has enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The Parties exchanged information regarding time and pay records, which they independently analyzed. Based on this analysis and after further conferral, the Parties have decided to resolve this matter. Finally, based on the scope of Plaintiff's alleged FLSA claims and the disputed legal and factual issues relating to those claims—taking into account the time, risk, and costs of further litigation—the Parties' settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution in accordance with *Lynn's Food.* If the Parties continued to litigate this matter, they would be forced to engage in costly litigation to prove their respective claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

**(4)** ***The Probability of Success on the Merits Supports Settlement.***

The Parties disagree about the merits of Plaintiff's claims and the applicable defenses, making protracted litigation inevitable if the Settlement Agreement is not approved. Defendant maintains that Plaintiff was paid for all regular and overtime wages that he worked, that its records bear this out, and that it did not retaliate against Plaintiff for any alleged protected activity. Plaintiff maintains that he

worked hours that were not reflected or paid on Defendant's time and pay records, and that Defendant retaliated against him when he complained about the nonpayment. Plaintiff's probability of success on the merits, and the uncertainty that he would be owed an amount greater than what the settlement provides further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5) *The Range of Possible Recovery Supports Approval.***

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time that it would take for Plaintiff to actually recover a final judgment against Defendant. A review of documentation in Defendant's possession reflects that during some weeks of Plaintiff's employment, Plaintiff: (i) worked less than forty hours; or (ii) did not work at all. Therefore, under the terms of the Settlement Agreement, Plaintiff will receive full compensation for the alleged overtime hours that he worked during the three years preceding the filing of the Complaint and has effectively compromised on liquidated damages.

**(6) *Counsel Agree That the Settlement Is Fair.***

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Considering the facts of this case including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the

Settlement Agreement represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation.

Plaintiff's counsel has expended approximately 27.1 hours and has incurred $875.22 in costs to date in the prosecution of the instant action, including time spent in preparing the instant motion. Pursuant to Plaintiff and his counsel's agreement regarding representation, Plaintiff's counsel are permitted to bill an hourly rate for their time spent litigating the instant case. Plaintiff's attorneys have over 10 years of experience as attorneys and have been previously awarded an hourly rate of $350.00. Applied to this case, Plaintiffs' counsel have therefore incurred $9,485.00 in attorneys' fees and costs. Mr. Bouzas and Mr. Longman are experienced employment attorneys who are known in the Central Florida legal community for their performance in making recoveries for employee-plaintiffs in employment matters. Plaintiff's counsel, as part of a negotiated settlement, have reduced their total recovery to $6,875.22 in attorneys' fees and costs.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, the Parties respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees, and expenses (except as otherwise set forth in the Settlement Agreement). The Parties further stipulate to dismissal of this case *with prejudice* upon the Court's approval of the Settlement Agreement conditioned on the Court's retention of

jurisdiction to enforce the terms of the Parties Settlement Agreement.

Dated: November 20, 2024

Respectfully submitted,

*/s/ Miguel Bouzas*
**Miguel Bouzas, Esq.**
Florida Bar No. 48943
mbouzas@floringray.com
**Troy E. Longman, II, Esq.**
Florida Bar No. 1031921
tlongman@floringray.com
16524 Pointe Village Dr
Suite 100
Lutz, FL 33558
Telephone: (727) 254-5255
Facsimile: (727) 483-7942
*Attorneys for Plaintiff*

*/s/ Sarah J. Kuehnel*
**Sarah J. Kuehnel, Esq.**
Florida Bar No. 124765
sarah.kuehnel@ogletree.com
**Daniel E. Kalter, Esq.**
Florida Bar No. 1025094
daniel.kalter@ogletree.com
100 North Tampa Street, Suite 3600
Tampa, FL 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530
Secondary:
melissa.salazar@ogletree.com
TAMdocketing@ogletree.com
*Attorneys for Defendant*
*RoadSafe Traffic Systems, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 20, 2024, the foregoing was electronically filed via CM/ECF which will send a notice of filing to:

MIGUEL BOUZAS, ESQ.
TROY E. LONGMAN, II, ESQ.
**FLORIN GRAY**
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
mbouzas@floringray.com
tlongman@floringray.com
*Attorneys for Plaintiff*

*/s/ Sarah J. Kuehnel*
Attorney