# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COREY PRESSLEY,

Plaintiff,

v.

Case No. 6:24-cv-00866-RBD-RMN

ROADSAFE TRAFFIC SYSTEMS, INC.,

Defendant.

_________________________________ /

**SETTLEMENT AND RELEASE AGREEMENT**

**THIS SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is made this ________ day of OCTOBER 2024 ("Effective Date") between Corey Pressley ("Pressley") on the one hand and Roadsafe Traffic Systems, Inc. ("Roadsafe") on the other hand. Pressley and Roadsafe shall be collectively referred to as the "Parties."

**WHEREAS,** Pressley, a former employee of Roadsafe, filed a lawsuit in the United States District Court for the Middle District of Florida, alleging unpaid overtime wages under the Fair Labor Standards Act, Case No.: 6:24-cv-00866-RBD-RMN (the "Complaint"); and

**WHEREAS,** Roadsafe denies the validity of and any and all liability for the allegations contained in the Complaint and for any claims or causes of action which Pressley may have or claim to have; and

**WHEREAS,** the Parties hereto desire to settle all claims, disputes, and charges, in the Complaint in order to avoid the cost and distraction of continued litigation;

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

## DEFINITIONS

**1. Roadsafe -** As used in this Agreement, "Roadsafe" means Roadsafe Traffic Systems, Inc., as well as any and all predecessors, successors, parent companies, affiliated, related or subsidiary business units, members or entities, joint ventures, franchisees, fringe and employee benefit funds and plans, and any owners, directors, officers, shareholders, employees, agents, insurers, attorneys of Roadsafe or the other entities identified in this paragraph.

**2. Pressley -** As used in this Agreement, "Pressley" shall mean Corey Pressley and his representatives, heirs, executors, administrators, agents, successors, assigns, and attorneys.

**3. Parties -** As used in this Agreement, "Parties" means "Roadsafe" and "Pressley" as defined above.

## COVENANTS

**4. Delivery of Agreement**. After his execution of this Agreement, Pressley shall deliver to Sarah J. Kuehnel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 100 N. Tampa St., Suite 3600, Tampa, FL 33602 ("Roadsafe's attorneys"): (a)

an original of this Agreement executed by Pressley and containing Pressley's original electronic signature; (b) a completed Form W-9 from Pressley; and (c) a completed Form W-4 from Pressley.

**5. Payment.** Roadsafe shall pay Pressley the total sum of Fifteen Thousand Dollars and No Cents ($15,000.00) (the "Payment"), which Pressley agrees to accept in full settlement of all claims in the Complaint and which constitutes complete payment and satisfaction of all monies to which Pressley claims or may claim to be entitled from Roadsafe. The Payment will be allocated as follows:

a) No less than twenty-one (21) days following the Court's approval of this Agreement, Roadsafe will deliver to Troy Longman, Esq., of Florin, Gray, Bouzas, and Owens, LLC, 16524 Pointe Village Dr, Suite 100, Lutz, FL 33558 ("Pressley's Attorneys") a check payable to Florin, Gray, Bouzas, and Owens, LLC for the sum of Six Thousand, Eight Hundred and Seventy-Five Dollars and Twenty-Two Cents ($6,875.22) for alleged attorneys' fees and costs.

b) No less than twenty-one (21) days following the Court's approval of this Agreement, Roadsafe will deliver to Pressley's Attorneys a check payable to Pressley for the sum of Four Thousand and Sixty-Two Dollars and Thirty-Nine Cents ($4,062.39) for lost wages under the FLSA, which shall be subject to applicable withholding for which Roadsafe will issue a W-2 to Pressley.

c) No less than twenty-one (21) days following the Court's approval of this Agreement, Roadsafe will deliver to Pressley's Attorneys a check payable to

Pressley for the sum of Two Thousand and Sixty-Two Dollars and Thirty-Nine Cents ($2,062.39) for liquidated damages under the FLSA. Roadsafe will not withhold any sums for taxes and Roadsafe will issue a Form 1099 to Pressley in the amount of Four Thousand and Sixty-Two Dollars and Thirty-Nine Cents ($4,062.39).

d) No less than twenty-one (21) days following the Court's approval of this Agreement, Roadsafe will deliver to Pressley's Attorneys a check payable to Pressley for the sum of Two Thousand Dollars and No Cents ($2,000.00) in exchange for the terms described in Paragraphs 9, 10, 11, and 12. Roadsafe will not withhold any sums for taxes and Roadsafe will issue a Form 1099 to Pressley in the amount of One Thousand Dollars and No Cents ($2,000.00).

**6. <u>Dismissal of Complaint</u>.** Pressley agrees to the voluntary dismissal with prejudice of the Complaint (Case No.: 6:24-cv-00866-RBD-RMN) and otherwise agrees to do anything necessary to effect such dismissal. Pressley further represents and agrees that, other than the Complaint, neither he nor anyone on his behalf has filed any other administrative charge, complaint or judicial complaint against Roadsafe before any federal, state or local tribunal or administrative agency relating to the allegations raised in the Complaint. Pressley will not re-file his claims. Pressley agrees that the payment described in Paragraph No. 5(A) is contingent on submitting a Voluntary Dismissal with Prejudice in the United States District Court Middle District of Florida, with copies to Sarah J. Kuehnel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 100 N. Tampa St., Suite 3600, Tampa, FL 33602.

**7. Tax Liability Indemnification.** Pressley hereby acknowledges that Roadsafe has not made any representations concerning the taxability of the Payment, or any portion thereof. In the event that any governmental agency determines that any additional taxes are due and owing with respect to any of the Payment, Pressley agrees to hold Roadsafe harmless for any such additional taxes under this Agreement. Pressley also agrees to indemnify and hold Roadsafe harmless from and against any additional amounts determined by any governmental agency to be owing from Pressley by any reason of Pressley's failure to withhold and remit any additional taxes from the Payment, including but not limited to income taxes, FICA or Medicare contributions. This indemnification shall also apply to any penalty, interest or other sums, including attorneys' fees, Roadsafe shall owe as a result of its failure to withhold or remit taxes which are ordinarily to be withheld from wages of, or paid by, Pressley.

**8. Each Party to Bear Own Costs and Fees.** Each party hereto shall bear his or its own costs, litigation expenses, mediation expenses, and attorneys' fees except as otherwise provided in this Agreement. Roadsafe shall be deemed to have complied with the terms of Paragraph No. 2 of this Agreement upon delivery of the Payment to Pressley's Attorneys.

**9. General Release.** In exchange for, and in consideration of the foregoing, Pressley, of his own free will and on behalf of his representatives, heirs, executors, administrators, agents, successors, assigns, and attorneys, hereby knowingly and voluntarily releases and forever discharges Roadsafe, its predecessors, successors,

affiliated or related entities, joint venturers, employee benefit funds and plans, as well as all owners, directors, officers, shareholders members, employees, agents, insurers, and attorneys of the foregoing entities (the "Released Parties"), from any and all actions, causes of action, claims, liabilities, charges, complaints, promises, demands, contracts, lawsuits, claims for wages or fringe benefits, liquidated damages, economic damages, damages for pain, suffering, mental distress or any other compensatory damages, punitive damages, consequential losses or damages, equitable relief, costs, expenses, attorneys' fees, expert witness fees, interest and penalties of any kind and every nature whatsoever, known or unknown, which Pressley has or may have against Roadsafe from the beginning of the world to the date when Pressley signs this Agreement. This general release includes, but is not limited to, any claims relating to or arising from Pressley's employment with Roadsafe, the terms and conditions of Pressley's employment and the termination of that employment; any claims for wages, bonuses, severance pay, vacation pay, any tort claims, any defamation claims, any negligence claims, any other common law claims, any claims for breach of contract, any claims for alleged violation of the National Labor Relations Act, any claims under the Fair Credit Reporting Act ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Civil Rights Act of 1866 (42 U.S.C. §§ 1981, 1981(a), 1983, 1985, 1986, and 1988), the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Family and Medical Leave Act ("FMLA"),

the Employee Retirement Income Security Act of 1974, the Equal Pay Act ("EPA"), the Pregnancy Discrimination Act; the Lilly Ledbetter Fair Pay Act of 2009; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Fair Labor Standards Act ("FLSA"); the Florida Civil Rights Act ("FCRA"); any claims under the "coercion of employees" portion of Florida's workers' compensation statute, Section 440.205, *Florida Statutes*, of any claims under the Florida Whistleblower Act of 1981 ("FWA"), Section 448.101 *et seq.*, *Florida Statutes*, any collective bargaining agreements, any provisions of Chapters 440, 443, and 447, *Florida Statutes*, the Florida Omnibus AIDS Act, Section 760.50, *Florida Statutes*; the Florida Minimum Wage Act; Article X, section 24 of the Florida Constitution; and any other federal, state, or local law, statute, regulation, ordinance or common law theory as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. This release does not include claims that are not legally waivable such as claims for unemployment or workers' compensation benefits.

**10. <u>Confidentiality and Non-Disclosure</u>.** Conditioned on Roadsafe's delivery of the payment identified in Paragraph 5(d), the Pressley shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Pressley has, or may have,

that is subject to the release of claims contained in this Agreement, to anyone other than the Pressley's spouse, attorneys, tax professionals, financial advisors, financial institutions, tax authorities, businesses providing credit, lending or capital venture services, or pursuant to court order or subpoena or as otherwise required by law. Should Pressley disclose information about this Agreement to his spouse, attorneys, tax professionals, financial advisors, financial institutions, or businesses providing credit, lending or capital venture services, Pressley shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law. If Pressley is asked about this Action, Pressley will respond only that the matter has been resolved. If Pressley is compelled by legal subpoena or court order to provide information covered by this paragraph, Pressley agrees to immediately notify Roadsafe, through Sarah J. Kuehnel, sarah.kuehnel@ogletree.com, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 100 N. Tampa St., Suite 3600, Tampa, FL 33602, upon receipt of such a court order or subpoena.

**11.** **No Future Employment.** Pressley has made disputed claims regarding his employment with Roadsafe. To resolve these claims, Pressley has waived and released any right to reinstatement or future employment with Roadsafe. Accordingly, the Parties agree that Roadsafe will not reemploy Pressley, and Pressley will not knowingly seek reemployment with the Roadsafe.

**12. <u>Non-Disparagement</u>.** Pressley agrees that he will not make or cause to be made any statements that disparage or damage the reputation of Roadsafe and/or the Roadsafe's officers, directors, agents or employees. In the event such a communication is made to anyone, including but not limited to the media, public interest groups, publishing companies, and/or through internet posting or social media, it will be considered a material breach of the terms of this Agreement. Nothing in this provision shall prevent Pressley from making any truthful statement in connection with any legal proceeding or in any investigation by any governmental authority.

**13. <u>Claims Not Released</u>.** The claims released under Paragraph 9 of this Agreement do not include the following claims that Pressley may have: (1) the right to vested benefits under any company benefits plan; (2) the right to continued benefits in accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA); (3) any claim to enforce the terms of this agreement; and/or (4) any claim which cannot be released as a matter of law.

**14. <u>Non-Interference and Right to Participate in Agency Proceedings</u>.** Nothing in this Agreement shall interfere with the Employee's right to file a charge, cooperate, or participate in an investigation or proceeding conducted by any federal, state, or local regulatory law enforcement agency.

**15. <u>No Admission of Liability</u>.** The Parties have entered into this Agreement in order to avoid the substantial costs, risks, uncertainties, and

inconvenience of further litigation. It is further understood that Roadsafe denies that it has acted wrongfully or unlawfully towards Pressley, and it maintains that execution of this Agreement does not constitute an admission by Roadsafe that it has violated any common law principle, any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any county or municipality, or any contractual obligation, or that Roadsafe has breached any of its policies or practices, or that Pressley's claims are meritorious.

**16.** **No Assignment.** Pressley hereby warrants that he has not assigned, sold, subrogated, transferred, conveyed or pledged as security to anyone any actions, causes of action, claims or demands that he now has or ever had against Roadsafe, and he hereby agrees to defend entirely at his own expense and to fully indemnify and forever hold Roadsafe harmless from and against any and all actions, causes of action, claims or demands that may be brought against Roadsafe, by anyone to whom Pressley has assigned, sold, subrogated, transferred, conveyed or pledged as security any such actions, causes of action, claims or demands, whether such are asserted by third-party complaint, cross-claim claim or otherwise, or whether such are asserted for indemnity, contribution or otherwise.

**17.** **Entire Agreement.** Pressley confirms that the only consideration for his execution of this Agreement is that which is stated herein, and that there are no promises or agreements of any other kind other than as stated herein which have caused him to execute this Agreement; that he has not relied on statements or

representations by Roadsafe or Pressley's agents or representatives concerning the matters addressed in this Agreement; that he fully understands the meaning and intent of this Agreement, including but not limited to its final and binding effect. The Parties hereto agree that this Agreement constitutes the entire Agreement between Pressley, on the one hand, and Roadsafe on the other hand; and that there exist no other agreements, oral or written, between or among them relating to any matters covered by this Agreement. It is further agreed that this Agreement supersedes any and all prior or contemporaneous agreements, written or verbal, or any other understandings that may have existed or exist between the Parties, and related to the same subject matter described herein.

**18. Statutory Compliance.**

(a) Pressley acknowledges Roadsafe has advised him in writing to consult with his attorney before signing this Agreement and that he has done so. Pressley further acknowledges that he has been afforded sufficient and reasonable time to carefully consider the terms of this Agreement and to undertake consultation with his attorney prior to entering into this Agreement.

(b) Pressley acknowledges that before signing this Agreement, he was given at least twenty-one (21) days in which to review and consider it; he has, in fact, carefully reviewed this Agreement; and he is entering into it voluntarily and of his own free will. Further, Pressley acknowledges that if he executed this Agreement before

the end of the twenty-one (21) day period, such early execution was completely voluntary, and he had reasonable and ample time in which to review this Agreement.

**19. Representations.** Pressley hereby represents and agrees to all of the following:

(a) In the absence of this Agreement, Pressley would not be entitled to the consideration set forth in this Agreement.

(b) Pressley has carefully read this Agreement, including its release.

(c) Pressley is freely, voluntarily, and knowingly releasing Roadsafe and the Released Parties, in accordance with the terms contained in this Agreement.

(d) The period of time to consider Pressley's rights and obligations under this Agreement was reasonable.

(e) It is recommended that Pressley review this Agreement with an attorney prior to executing this Agreement, and Pressley has consulted with counsel regarding this Agreement.

(f) The release contained in this Agreement constitutes, among other things, a release and waiver of all rights and claims Pressley may have concerning the Complaint.

(g) This Agreement does not waive any rights or claims Pressley may have arising after the date on which Pressley signs this Agreement.

**20. Governing Law.** This Agreement and all terms thereof shall be construed and governed according to the laws of Florida. The Parties consent to the


64522191.v1-OGLETREE
64522191.v1-OGLETREE

jurisdiction and venue of the Eighteenth Judicial Circuit in and for Brevard County, Florida or the United States District Court for the Middle District of Florida, Orlando Division in connection with any claim or controversy arising out of, or connected with, this Agreement. Any action arising out of, or connected with, this Agreement shall be brought exclusively in Brevard County, Florida.

**21. Waiver of Term, Provision or Condition.** The waiver by any party of a breach of any provision of this Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

**22. Binding Effect.** The rights and obligations of Pressley and Roadsafe under this Agreement shall inure to the benefit of and shall be binding upon their respective successors and assigns, and Pressley and Roadsafe consent to enforcement of any covenants herein by any such successor or assign.

**23. Modifications.** This Agreement may not be altered, amended, modified, or terminated except by an instrument in writing, executed by the Parties hereto or their authorized representatives.

**24. Severability.** The Parties agree that if any provision in this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, such provision will be severed herefrom, and the remainder of this Agreement will continue to be valid and enforceable unless such determination of invalidity shall deprive either party of the substantial benefit of his or its bargain. The Parties agree, however, that

any determination by any federal, state or local authority regarding treatment of the terms or consideration of this Agreement under any laws regarding taxation shall not constitute an event depriving either party of the substantial benefit of his or its bargain.

**25. Construction.** The terms in this Agreement are the product of arms-length negotiations, and they shall not be construed against any of the Parties.

**26. Headings.** The headings contained in this Agreement are for convenience only, and they shall have no significance to the meaning of the Agreement.

**27. Counterparts.** This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed to constitute an original.

**28. Informed Agreement.** Each party hereto represents and agrees that he or it has carefully read and fully understands all of the provisions of this Agreement, including the release and waiver of claims, and that he or it is knowingly and voluntarily entering into this Agreement.

**29. Attorneys' Fees.** In the event that either Party must sue to enforce the terms of this Agreement, the prevailing party is entitled to recover its attorneys' fees and costs in relation to such a lawsuit.

**30. Notice Requirements**. Each notice ("Notice") provided for under this Agreement, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or

UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

If to Roadsafe:
Roadsafe Traffic Systems, Inc.;
c/o Sarah J. Kuehnel, Esquire
100 N. Tampa St, Suite 3600
Tampa, FL 33602
PH: (813) 289-1247

If to Pressley:
Corey Pressley
c/o Troy Longman, Esquire
Florin, Gray, Bouzas, and Owens, LLC
16524 Pointe Village Dr, Suite 100
Lutz, FL 33558
PH: (727) 220-4000

**THE UNDERSIGNED HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND THE CONTENTS THEREOF, AND EXECUTED IT AS THEIR FREE ACT AND DEED.**

**IN WITNESS WHEREOF,** the Parties hereto set their hands and seals.

By:__________________________

**COREY PRESSLEY**

Date:________________________

**ROADSAFE TRAFFIC SYSTEMS, INC.**

By:__________________________

Its:__________________________

Date:________________________