UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|   |   |
|---|---|
| COREY PRESSLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROADSAFE TRAFFIC SYSTEMS, INC.,<br><br>    Defendant. | Case No.<br>6:24-cv-866-RBD-RMN |

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Renewed Joint Motion for Approval of Settlement (Dkt. 36), filed February 3, 2025 ("Motion"). This matter has been referred to me for issuance of a report and recommendation. Upon consideration, I respectfully recommend the Motion be granted.

### I. BACKGROUND

On May 9, 2024, Plaintiff Corey Pressley initiated this action against Defendant Roadsafe Traffic Systems, Inc. alleging violations of the Fair Labor Standards Act ("FLSA"). Dkt. 1. Plaintiff alleges he worked from January 2, 2023 until June 28, 2023 as a flagger for Defendant. *Id.* ¶¶ 7, 17. Plaintiff alleges he regularly worked around ten to fifteen hours of unpaid overtime per week. *Id.* ¶ 8.

On November 20, 2024, the parties filed a Joint Motion for Approval of Settlement (Dkt. 30), which the Court denied because the Settlement Agreement contained a general release, a confidentiality and non-disclosure clause, a no future employment clause, and a non-disparagement clause without providing what additional consideration Plaintiff received for agreeing to each (Dkt. 33).

Recently, on February 3, 2025, the parties filed a Renewed Joint Motion for Approval of Settlement. Dkt. 36. The parties inform the Court that they have addressed the issues discussed above and have negotiated a settlement of Plaintiff's claim. Under the settlement agreement, Plaintiff will receive, $15,000.00 for his alleged unpaid wages. Dkt. 36-1 ¶ 5. Plaintiff's counsel will receive $6,875.22 for attorney's fees and costs. *Id.* ¶ 5(a). The parties ask the Court to approve the FLSA settlement agreement.

## II. LEGAL STANDARDS

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

> (1) the existence of fraud or collusion behind the settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;

>   (4) the probability of [Plaintiff's] success on the merits;
>
>   (5) the range of possible recovery; and
>
>   (6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report & recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351–52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether agreed to by a defendant or not) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).

## III.  ANALYSIS

### A.  The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354-55.

I find no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Dkt. 36 at 1–2. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 2. The agreement was reached after negotiation by represented parties in good faith to resolve an uncertain case. *Id.*

- 4 -

at 2–3. Further, the parties made clear that Plaintiff is receiving separate consideration for the inclusion of the general release, confidentiality and non-disclosure clause, no future employment clause, and non-disparagement clause. *Id.* at 2, 7–8; Dkt. 36-1 ¶ 5(d). Based on the separate consideration, I find that the inclusion of those provisions does not affect the overall fairness and reasonableness of the parties' settlement. *See Caamal v. Shelter Mortg. Co., LLC*, No. 6:13-cv-706, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (finding payment of consideration beyond what was due under the FLSA for a general release, confidentiality, non-disparagement, and waiver of future employment fair and reasonable).

Considering the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised the amount of his original claim, I conclude the settlement amount is fair and reasonable. I therefore recommend that the Court find the consideration being paid to Plaintiff to resolve his FLSA claims is fair and reasonable.

### B. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $6,875.22, the parties represent that they were negotiated separately from Plaintiff's recovery. Dkt. 36 at 6–7; Dkt. 36-1 ¶ 5(a). I find that the fee amount is reasonable, and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

The fee award is reasonable under a lodestar analysis as well. Counsel represents that their billable rate is $350.00 an hour (Dkt. 36 at 6), which the Court finds reasonable in view of the rates typically charged in this district for attorneys with similar experience. Counsel also represents that they performed over twenty-seven (27) hours of work on this matter (Dkt. 36 at 6), which is not excessive. Furthermore, because the proposed award is less than the lodestar amount, the $6,875.22 in attorney's fees and costs is reasonable. I therefore recommend approving $6,875.22 in attorney's fees and costs.

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** the parties' Renewed Joint Motion for Approval of Settlement (Dkt. 36);

2. **DISMISS with prejudice** the case; and

3. **DIRECT** the Clerk to terminate all pending motions and deadlines and close the case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of

the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on February 4, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Hon. Roy B. Dalton, Jr.
Counsel of Record